**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WRIGHT ASPHALT PRODUCTS CO., LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-1145 |
| PELICAN REFINING COMPANY, LLC, | § § § | |
| Defendant. | § | |

**ORDER**

At the Rule 16 conference held on November 10, 2009, defendant Pelican Refining Co., LLC submitted a bench brief requesting this court to stay discovery on the infringement claim until after claim construction is heard under *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). Wright Asphalt opposed the request.

A district court has discretion to limit the scope of discovery, and the Federal Circuit has held that it is not an abuse of discretion to stay discovery before claim construction. *See Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803–04 (Fed. Cir. 1999). *Vivid Technologies* does not, however, provide criteria to guide the exercise of discretion to stay. In many cases, discovery begins well before claim construction. *See, e.g.*, *Alloc, Inc. v. Unilin Decor, N.V.*, Nos. 00-C-999, 06-C-1158, 06-C-1163, 2007 WL 1121421, at *2 (E.D. Wis. Apr. 16, 2007) ("The Court's disposition of [claim-construction] matters will have the benefit of complete discovery and the context of all relevant patents."); *Metrologic Instruments, Inc. v. Symbol Techs., Inc.*, 460 F. Supp. 2d 571, 582 (D.N.J. 2006) ("Within this District, for instance, it is a common practice for courts to conduct *Markman* hearings after discovery is completed."); *Toter Inc. v. City of Visalia*,

No. CVF96-6234 REC DLB, 1997 WL 715459, at *4 (E.D. Cal. July 14, 1997) (denying a motion for stay of discovery).

Pelican argues that allowing discovery to proceed before claim construction would allow Wright Asphalt to "obtain information on Pelican's processes and adopt a post-hoc construction of the claims that would cover Pelican's operations." (Docket Entry No. 22 at 4). That argument could be made in virtually every case. But Pelican has not explained why the danger of post-hoc construction is greater in this case or harder to detect than in the cases in which discovery proceeds. Nor has Pelican explained why those speculative risks in this case outweigh the disadvantages of the delay that would result from staying discovery until the lengthy process of briefing and arguing claim construction is completed.

This court denies Pelican's request to stay discovery on infringement pending the claim-construction hearing.

SIGNED on November 16, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge