IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WRIGHT ASPHALT PRODUCTS CO., LLC, | § § § § § § § § § § § § | |
| Plaintiff, | | Civil Action No.  4:09-cv-1145 LHR |
| v. | | |
| PELICAN REFINING CO., LLC, | | |
| Defendant. | | |

**PLAINTIFF WRIGHT ASPHALT'S RESPONSE TO PELICAN'S MOTION FOR LEAVE TO AMEND ITS ORIGINAL ANSWER AND COUNTERCLAIM**

**I.     Introduction**

1.     Plaintiff Wright Asphalt Products Co., LLC ("Wright") files this response brief in response to Defendant Pelican Refining Co., LLC's ("Pelican") motion for leave to amend its original answer and counterclaim.  Pelican's motion to amend should be denied because it fails to sufficiently allege the factual basis of its inequitable conduct claim as required by FED. R. CIV. P. 9(b).

2.     On August 7, 2009, Wright amended its complaint against Pelican for patent infringement.  Pelican filed its original answer and counterclaims on August 31, 2009, without alleging inequitable conduct. On September 21, 2009, Wright answered Pelican's counterclaims. On October 13, 2010, during the discovery phase (which is now ongoing), Pelican deposed Ms. Ruth Murdock, the patent attorney responsible for drafting and obtaining the patents in suit from the United States Patent Office ("Patent Office").  Based on alleged facts discovered in Ms. Murdock's deposition, Pelican seeks leave to amend its answer to add a counterclaim of inequitable conduct.

3. Wright requests that the Court deny Pelican's motion. Wright also requests that the Court take this matter up at an oral hearing at the Court's convenience.

**II. Pelican's Counterclaim does not comply with Rule 9(b) because it does not address the materiality of the allegedly untrue statements/omissions or include sufficient facts to infer intent.**

4. Inequitable conduct must be pleaded with particularity under FED. R. CIV. P. 9(b). *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009). As such, a proper claim of inequitable conduct must include enough facts to permit a reasonable inference that a person involved in the prosecution of the patents-in-suit

> (1) knew of the withheld material information or the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Id.*, at 1328-29.

5. While Pelican pays lip service to Rule 9(b), it fails to allege how the statements/omissions were material or that Ms. Morduch and Mr. Flannigan made the statements/omissions with the intent to deceive the Patent Office. *See* Pelican's First Amended Answer and Counterclaim, Dkt # 55-6 ("Counterclaim"), pgs. 6-21.

    **A. Pelican failed to plead specific facts concerning how the alleged statements were material.**

6. Pelican did not plead how Wright's statements to the Patent Office were material. A pleading of inequitable conduct does not comply with Rule 9(b) if it does not expressly state why the alleged act of inequitable conduct is material. *Exergen*, 575 F.3d at 1330-31. As in *Exergen*, Pelican's Counterclaim does not explain why the statements/omissions would have been material to a patent examiner.

7.     The Counterclaim merely states that the Oliver, Huff, and Yan references are material because they were cited against the pending claims. Counterclaim, pg. 10 (paragraph 57). However, the materiality at issue is the materiality of the *statement/omissions*, not the materiality of the references.[1]  *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1346 (Fed. Cir. 2007) (evaluating materiality based on allegedly false statements).

8.     A cursory review of the statements makes it hard to understand how they could be material. With respect to the Oliver reference, Pelican bases its inequitable conduct claim on four statements and one alleged omission. Counterclaim, pg. 8 (paragraph 41) and pg. 9 (paragraphs 46, 48, 49, and 51).

- The first two statements[2] were made before the Examiner evaluated the merits of the invention.[3] Pelican does not explain how these statements were material. The Examiner clearly did not consider them material because he rejected the claims over Oliver *after* the statements were made.

- The third statement[4] (whether the material was sprayable) has no bearing on the pending claims. The claims do not have a limitation related to sprayability. As such, by definition, statements about the sprayability of the product were not material. *Exergen*, 575 F.3d at 1329 (alleged inequitable conduct must be tied to claim language to be material).

---

[1] Oliver, Huff, and Yan were before the Examiner.
[2] Counterclaim at ¶¶41, 46.
[3] The first was made in the application and the second was in an Information Disclosure Statement filed before the first office action.
[4] *Id.*, at ¶48.

- The fourth statement[5] (the product of Oliver is not fully incorporated) requires a logical step not addressed in Pelican's pleading. Pelican appears to believe the statement is false because Ms. Morduch had no "factual support" for stating that the product of Oliver is not fully incorporated. First, Ms. Morduch never stated that she had "factual support.[6]" Second, any deficiency of "factual support" would have been clear to the Examiner because he was familiar with the claims and reference. As such, either no false statement was made or the Examiner did not consider it material (or he would have requested the additional "factual support" be submitted to the Patent Office).

- The alleged omission[7] is that Ms. Morduch distinguished the Oliver reference without discussing every aspect of the reference. Pelican does not explain why this omission was material given that the Examiner had the very same reference before him. Nor does Pelican explain how the omitted information would have been relevant to the Examiner's evaluation. Indeed, the omitted information has nothing to do with the arguments Ms. Morduch was making.

9. With respect to the Yan and Huff references, Pelican bases its inequitable conduct argument on omissions. Counterclaim, pgs. 11-13 (paragraphs 59-72). Like the Oliver reference, the Yan and Huff references were before the Examiner. Pelican does not explain how the omissions were material given that the Examiner had the references before him.

10. Pelican also bases its inequitable conduct claim on two alleged material misrepresentations made to the Patent Office. Counterclaim, pgs. 13-14 (paragraphs 73, 78). In

---

[5] *Id.*, at ¶49.
[6] Presumably "no factual support" means that Wright did not submit lab test results. Pelican does not explain why relying on information disclosed in the Oliver reference is not factual support.
[7] *Id.*, at ¶51.

the first, Pelican argues Ms. Morduch falsely stated that claim 11 is superior over the prior art. *Id*., at ¶73. Yet Pelican does not address how this statement relates to the pending claims or how it would have been material to the Examiner. In the second, Pelican argues Ms. Morduch misrepresented the prior art by stating that it does not disclose homogeneous and stable products.[8] *Id*., at ¶79. Pelican apparently believes this is a misrepresentation because Wright did not test the prior art products to prove they were not incorporated. However, Ms. Morduch did not say her assertions were supported by test results. Nor is testing required. Further, the glairing absence of test results (or specific reference to test results) would have been obvious to the Examiner. As such, either no false statement was made or the Examiner did not consider the statement to be material (or he would have requested test results).

### B.   Pelican failed to plead sufficient facts supporting intent.

11.   To properly plead intent a claim must include sufficient facts to reasonably infer that an individual knew the representations were false when they were made. Exergen, 575 F.3d at 1328-29. Pelican did not adequately plead intent because it did not plead any relevant facts or that Ms. Morduch knew the statements/omissions were false when they were made.

#### *a.   Pelican has not plead any underlying facts to support its claim of inequitable conduct*

12.   Pelican does not include any relevant facts to support its claim of inequitable conduct. Indeed, virtually every "fact" cited by Pelican is merely Ms. Morduch's characterization of the prior art. However, an attorney's characterization of the prior art is not a material misrepresentation of fact. *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1348 (Fed. Cir. 2007) ("We therefore fail to see how the statements .. which consist of attorney argument and an

---

[8] The claims address incorporated products. Wright's proposed construction of "incorporated" is "homogeneous and stable."

interpretation of what the prior art discloses, constitute affirmative misrepresentations of material fact."); *Rothman v. Target Corp.* 556 F. 3d 1310, 1329-30 (Fed. Cir. 2009) ("While the law prohibits genuine misrepresentations of material fact, a prosecuting attorney is free to present argument in favor or patentability without fear of committing inequitable conduct."). Accordingly, Pelican's Counterclaim does not include sufficient facts (other than attorney argument) to infer intent.

### b. *Pelican has not plead that Ms. Morduch knew the statements/omissions were false when they were made.*

13. Intent to deceive the Patent Office requires knowledge that the statements were false when they were made. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1332 (Fed. Cir 2009) (An inference of intent to deceive is inappropriate when a statement is believed to be true when made); *Orion IP, LLC v. Hyundai Motor Am.,* 605 F.3d 967, 979 (Fed. Cir. 2010) (no inference to deceive permitted in light of belief in truth of statement to PTO).

14. Pelican must plead a factual basis from which to infer Ms. Morduch had knowledge of the falsity of her statements when the statements were made. *Exergen*, 575 F.3d at 1330. Pelican's Counterclaim does not allege Ms. Morduch was aware that her statements were false when they were made. For example, Pelican alleges that Ms. Morduch admitted at her deposition that the Oliver reference discloses more information than she included in a response to an office action. Counterclaim, pg. 10. However, as noted in *Vita-Mix* and *Orion*, Ms. Morduch's current understanding is not relevant. Thus, Pelican did not allege any facts suggesting Ms. Morduch knew the statements/omissions were false when made.

### III.   Conclusion

15. For at least the reasons given above, the Court should deny Pelican's motion to amend its counterclaims to include a claim of inequitable conduct.

Dated: November 17, 2010

Respectfully submitted,

/s/ Michael S. McCoy
Michael S. McCoy
State Bar No.  24013129
Federal I.D. No.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

Attorney- for Plaintiff WRIGHT ASPHALT PRODUCTS CO., LLC

**CERTIFICATE OF SERVICE**

This pleading was served on opposing counsel via email and first class mail on November 17, 2010, in compliance with the Federal Rules of Civil Procedure.

/s/ Michael S. McCoy
Michael S. McCoy